NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

THOMAS BENJAMIN, petitioner,

*v.*

WARNER SUGAR REFINING COMPANY, respondent.

**Injury to Eye—Conflicting Medical Testimony—Extent of Injury Determined.**

On petition for compensation. Finding of facts and determination. Rule for judgment.

*Mr. Robert W. Thompson,* for the petitioner.

*Mr. Richard W. Baker,* for the respondent.

\* \* \* 1. That the petitioner, Thomas Benjamin, was employed by the respondent, Warner Sugar Refining Company, at their plant in Edgewater, New Jersey, as an operator on an electric granulating machine, and that he met with accident on the 25th day of January, 1924, arising out of and in the course of his employment, and that the accident consisted of a piece of wire flying out of the machine while the same was in operation, striking petitioner in the left eye.
\* \* \* 4. That the petitioner received wages from the respondent at the rate of $33 per week.
5. That, as a result of the said accident, petitioner sustained a severe laceration of the cornea of the left eye, resulting in an infection of the said eye, which has destroyed the sight of same to the extent of ninety-five per cent. loss of vision. The medical testimony is very conflicting. Dr. Armoury, produced in behalf of the petitioner. testified that a lacera-

tion of the cornea, resulting in an infection and causing an inflammatory condition of the eye, such as the petitioner suffered, would be a competent and contributing cause for petitioner's present diminutive vision of the eye. Drs. Nettle and Sherman, in behalf of the respondent, testified that the laceration and infection of the eye would not in itself cause a loss of vision, but that, as a matter of fact, the petitioner is suffering from an atrophy of the optic nerve, of which, it is their opinion, is of long standing, and not the result of this accident. However, I find, as a fact, that the petitioner, before this accident, never had any eye trouble, and was always able to work on machines requiring good eyesight, and that the petitioner was actually employed by the respondent on such machines for the past six years. That, as a result of this accident, I find that the petitioner is unable to pursue any such work, requiring the operating of power or electric machines, due entirely to the loss of vision of his left eye. I find as a fact that the respondent refuses to take him back in their employ at his former occupation, and that the petitioner is now being employed as a porter in New York City, being the only kind of work he can safely perform.

6. That, as a result of the accident, the petitioner suffered a temporary disability which lasted from January 25th, 1924, to April 5th, 1924, and a permanent disability of the left eye squivalent to ninty-five per cent. loss of vision of the said eye.

7. That the petitioner's attorney, Robert W. Thompson, Esq., is entitled to an allowance of counsel fee, which I fix in the sum of $75, to be paid by the respondent.

8. Costs will be allowed the petitioner.

It is therefore, on this 8th day of December, 1924, ordered that judgment final be entered in favor of the petitioner, Thomas Benjamin, and against the respondent, Warner Sugar Refining Company, in the sum of $17 per week for ten weeks, as and for temporary disability, covering the period from January 25th, 1924, to April 4th, 1924, and in

the sum of $17 per week for a period of ninety-five weeks, for permanent disability, being ninety-five per cent. loss of vision of the left eye, and, in addition thereto, the sum of $75 to be paid to Robert W. Thompson, Esq., attorney of petitioner, as a counsel fee, besides costs.

<div style="text-align:right">

JOHN J. STAHL,
*Referee.*